Judgment rendered December 18, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,060-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JARODERICK HARPER                           Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 388,840

Honorable Christopher T. Victory, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Edward K. Bauman

JARODERICK HARPER                    Pro Se

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

VICTORIA T. WASHINGTON
TOMMY J. JOHNSON
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and MARCOTTE, JJ.

**MARCOTTE, J.**

This criminal appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Chris Victory presiding. Defendant, Jaroderick Harper, was convicted of molestation of a juvenile under the age of 13 in violation of La. R.S. 14:81.2(A)(1),(D)(1). Harper was sentenced to 60 years' imprisonment at hard labor, with at least 25 years of that sentence to be served without benefit of probation, parole, or suspension of sentence. Harper now appeals, arguing that his sentence of 60 years is constitutionally excessive and that the trial court imposed an indeterminate sentence by ordering that "at least" 25 years be served without benefits. For the following reasons, we affirm defendant's conviction but vacate his sentence and remand the case for resentencing.

## FACTS

The case involves sexual molestation of a ten-year-old girl, Z.S., by a thirty-year-old man, Harper, on January 16, 2022.[1] The incident occurred when Harper was entrusted with the care of Z.S. while her mother, LaCharlotte Singleton, was away from home. The police arrived at Ms. Singleton's home on the night of the incident. After they spoke with all parties, Harper was released and arrested three months later in Bossier Parish.

The state filed a bill of information on May 19, 2022, charging Harper with molestation of a juvenile under the age of 13 in violation of La. R.S. 14:81.2(A)(1),(D)(1).

---

[1] La. R.S. 46:1844(W) prohibits the public disclosure of the names, addresses, or identities of crime victims under the age of eighteen and of all victims of sex offenses but, instead, authorizes the use of initials and abbreviations. Accordingly, the juvenile victim here will be referred to by her initials, Z.S.

A jury trial was held on September 19-20, 2023, where the following evidence was adduced. On the night of January 16, 2022, Z.S. was living with her mother, Ms. Singleton, younger brother, and Ms. Singleton's boyfriend, Harper, whom the children referred to as "Dad" or "Bird." Ms. Singleton left home that night at 11:00 p.m. to attend a wedding party. She testified that she asked Harper if he would watch the children, which included her sister's two daughters. Harper testified he was cutting trees by the pond and was never informed he would be watching the children.

While at the wedding party, Ms. Singleton received a text from Z.S. stating, "Mama, I got to tell you something." Ms. Singleton left the party and drove home. Upon arriving home, Ms. Singleton said she spoke to her daughter alone, and her daughter told her that "Bird" touched her. Ms. Singleton then spoke to Harper, who claimed Z.S. was lying. Believing her daughter, Ms. Singleton called the police.

A video statement Z.S. gave at the Gingerbread House in January 2022 was played for the jury. In the video, Z.S. describes how Harper showed her a pornographic video, placed her on a bed, put her legs over his shoulders, and attempted to kiss her on her face, cheeks, and private area. Z.S. kicked him to make him stop. At the time, Harper was 30 years of age and Z.S. was 10. Z.S. confirmed that everything she said in her video statement was true, and she identified Harper in the courtroom.

Harper denied ever having touched Z.S. inappropriately. He testified that Ms. Singleton arranged for Z.S. to claim she was molested. Harper said that he caught Ms. Singleton having sex with another man and claimed that she and her daughter concocted this story so as to "get [him] out of the way."

2

The jury returned a unanimous guilty verdict.

On November 29, 2023, Harper was sentenced. The court asked about mitigating factors, to which Harper's counsel responded in the negative. Harper declined to speak before sentencing.

The trial court notified Harper of the time limitations regarding his right to file a motion to reconsider sentence, a motion for appeal, and to seek post-conviction relief. The trial court then sentenced him as follows:

> Based on the criminal history and the aggravating factors, the court sentences Mr. Harper to sixty years at hard labor, six zero. At least twenty-five years will be without the benefit of probation, parole or suspension of sentence pursuant to the statute.

Harper filed a motion to reconsider sentence on December 21, 2023, which was denied on January 5, 2024.

Harper now appeals.

## DISCUSSION

Harper's sole assignment of error on appeal is that the trial court imposed a constitutionally excessive sentence. Because we find an error patent requiring remand of the case for resentencing, Harper's assignment of error is moot.

*Error Patent*

Both sides note that there is an error patent on the face of the record requiring remand to the trial court for resentencing, and we agree. La. R.S. 14:81.2(D)(1) provides that whoever commits the crime of molestation of a juvenile when the victim is under the age of 13 shall be imprisoned at hard labor for not less than 25 years nor more than 99 years. At least 25 years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence.

3

A trial court is required to impose a determinate sentence. La. C. Cr. P. art. 879. In *State v. Cole*, 55,172 (La. App. 2 Cir. 8/9/23), 370 So. 3d 106, this court held that using the term "at least" in sentencing failed to convey a specific length of time.

Here, the sentencing colloquy indicates that the trial court imposed a sentence of "sixty years at hard labor, six zero. *At least* 25 years will be without benefit of probation, parole, or suspension of sentence pursuant to the statute." (Emphasis added.) In ordering that "at least" 25 years of the sentence be served without benefits, the trial court failed to convey a specific length of time, making Harper's sentence indeterminate. Accordingly, we remand the case to the trial court for resentencing.

## CONCLUSION

Harper's conviction is affirmed. His sentence is vacated, and his case is remanded for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**

4